In re Charles B. RYAN, Jr., Carol B. Ryan, Debtors.

Bankruptcy No. 86–1531–BKC–3P2.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 29, 1987.

Robert Altman, Keystone Heights, Fla., for debtors.

properly transferred, it would certainly appear that he is an "insider," per this definition.

Earl M. Barker, Jr., Jacksonville, Fla., for Federal Land Bank.

Dorothea Beane, Jacksonville, Fla., for Farmer's Home Admin.

Jerry A. Funk, Jacksonville, Fla., Trustee.

Hugh A. Carithers, Jr., Jacksonville, Fla., for Hastings Potato Growers Assn.

## ORDER DENYING MOTION TO CONTINUE AND GRANTING MOTION TO WITHDRAW PLAN

GEORGE L. PROCTOR, Bankruptcy Judge.

Three matters were scheduled for hearing before the Court in this Chapter 12 case: (1) Amended Motion by Debtors to Sell Property of the Estate Free and Clear of Liens Pursuant to 11 U.S.C. § 1206 and 11 U.S.C. § 363(f); (2) Motion for Valuation under 11 U.S.C. 506(a) and (d); and (3) Confirmation of Debtors' Amended Chapter 12 Plan.

### I. Facts

On December 24, 1986, debtors filed a voluntary petition under 11 U.S.C. Chapter 12[1] accompanied with a plan pursuant to 11 U.S.C. § 1221. An Order for Relief was entered, and a trustee appointed. Hearing on the plan was immediately scheduled for January 28, 1987, at 10:30 a.m.

Debtors filed an amended plan on January 6, 1987. One written objection to the amended plan was received on January 22, 1987, from creditor, Hastings Potato Growers Association.

Upon convening the hearing, debtors moved *ore tenus* to continue the hearing or alternatively to withdraw their plan. All creditors who were in attendance save one and the Trustee supported both motions.

### II. Motion to Continue

■ Title 11, United States Code, Section 1221 requires debtors to "[f]ile a plan not later than 90 days after the order for relief ..." unless the Court finds that an exten-

sion is substantially justified. Once the plan is filed then the Court is required except for cause to conclude a hearing on confirmation within 45 days after the plan is filed. 11 U.S.C. § 1224.

The hearing on confirmation can be extended only if cause is shown. *Id.* An example of cause, i.e., backlog of cases, is given in the legislative history to § 1224. See Conference Report of H.R. 5316, 132 Cong.Rec. H8999 October 2, 1986. The language of the Conference Report indicates that the exception for cause was provided to aid courts if it was not possible to conclude the confirmation hearing within forty-five (45) days. As noted by the conferees, however, this exception is to be used *sparingly*. (Emphasis added.)

Debtors seek an extension of time in order to work out problems with certain creditors and to file a second amended plan if necessary. This reason is insufficient to establish "cause" for an extension of the forty-five (45) day requirement of § 1224. If continued, the Court could not conclude the confirmation process within forty-five (45) days. Accordingly, debtors' motion for continuance is denied.

### III. Motion to Withdraw Plan

■ Alternatively, debtors move to withdraw their first plan as amended in order to file a second plan within the ninety (90) day time period prescribed by § 1221. The provisions of Chapter 12 do not provide for this scenario. Section 1223 allows modification of the plan prior to confirmation and § 1229 allows modification after confirmation but not a single provision allows or precludes withdrawal of a plan. The fact that Chapter 12 is new to bankruptcy practice suggests this is a matter of first impression.

If the Court denies this motion, debtors are faced with conversion of their case to another chapter of bankruptcy or dismissal. Debtors admit that their plan in its present posture cannot be confirmed. The Court

---

1. Title 11 of the United States Code as amended by the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of

1986. Pub.L. No. 99–554, Title II, § 255, 100 Stat. 3088 (Oct. 27, 1986).

does not feel that the drafters of Chapter 12 intended to leave family farmers without recourse when the debtors filed a plan prematurely or without considering the needs of all creditors and a hearing on confirmation was promptly scheduled. As previously noted, 11 U.S.C. § 1224, mandates expedited notice and hearing on confirmation not later than forty-five (45) days after filing of the plan. Accordingly, the Court will exercise its equitable powers provided in 11 U.S.C. § 105 and grant the motion to withdraw the plan. No creditor will be prejudiced by this result. Just short of sixty (60) days remains in the original ninety (90) days given debtors in order to file a new plan. Failure to file a plan timely is grounds for dismissal under § 1208.

It is ORDERED as follows:

1. Debtors' motion to continue is denied.

2. Debtors' motion to withdraw plan is granted. Debtors are given the remainder of the original ninety (90) day period in which to file a second plan in accordance with § 1221.

3. The other pending motions will be scheduled at the time of the new confirmation hearing.